UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYVENA LAWRENCE EZELL, | ) |
| Plaintiff | ) Civil Action Number: |
| | ) |
| | ) FLSA Action |
| v. | ) Jury Trial Demanded |
| | ) |
| MONGE & ASSOCIATES, P.C. | ) |
| a Georgia Corporation, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Lyvena "Dena" Lawrence Ezell (hereinafter "Plaintiff"), by and through her undersigned counsel, and files this Compliant against Defendant Monge & Associates, P.C. (hereinafter "Defendant") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant's violations of Plaintiff's rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendant which have deprived Plaintiff of her lawful overtime wages.

2. Plaintiff began working for Defendant as an intake specialist in June 2014 and is currently employed by Defendant.

3. Since the very beginning of Plaintiff's employment, Defendant committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given workweek.

4. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the State of Georgia and the jurisdiction of this Court and because Defendant has its principal office in this District and is subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff resides in Cobb County, Georgia (within this District) and is a citizen of the United States.

8. At all times material to this action, Plaintiff was an "employee" of Defendant defined by § 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States. Plaintiff is further covered by §§ 203 and 207 of the FLSA for the period in which she was employed by Defendant.

9. Defendant is a corporation formed under the laws of the State of Georgia.

10. Defendant is located within this District at 8205 Dunwoody Place, Atlanta, Georgia 30350.

11. Defendant is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Scott Monge, 8205 Dunwoody Place, Atlanta, Georgia 30350.

12. Defendant is a law firm that conducts business within this State and District.

13. Defendant maintained either actual or constructive control, oversight and direction of Plaintiff's work, including her employment, pay and other practices.

14. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

15. The overtime provisions set forth in § 207 of the FLSA apply to Defendant.

## FACTUAL ALLEGATIONS

16. Defendant is a law firm specializing in personal injury and disability claims.

17. As one of Defendant's intake specialists, Plaintiff's primary duties were to respond inquires by potential clients via telephone and electronic mail.

18. Defendant trained Plaintiff on the specific criteria that it set in order for the firm to accept a new case and provided Plaintiff with a script that she was required to follow to screen potential clients. For example, Plaintiff was required to ask specific questions to determine whether the potential client met the threshold of damages set by Defendant.

19. If a potential client met the specific criteria set by the law firm, Plaintiff sent the potential client a retainer agreement for the potential client to be represented by the law firm.

20. Plaintiff's primary duties were not the management of the enterprise in which she was employed, nor of a customarily recognized department or subdivision thereof.

21. At all times relevant to this action, Plaintiff was not responsible for customarily and regularly directing the work of two or more other employees.

22. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

23. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities she performed.

24. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

25. Defendant compensated Plaintiff on a salary basis plus bonus.

26. Defendant required Plaintiff to regularly work in excess of forty (40) hours per week.

27. Plaintiff was required to work at Defendant's law office Monday through Friday from 8:30 a.m. until 5:00 p.m. At 5:00 p.m., calls were forwarded to a cell phone provided by Defendant and Defendant required Plaintiff to answer these calls after hours. These after hour calls included weekends.

28. Additionally, Plaintiff was required to respond to after hour electronic mail leads sent into the firm by immediately making contact with the potential client.

29. Defendant was aware that Plaintiff was regularly required to work in excess of forty (40) hours per week.

30. Yet, at all times relevant to this action, Defendant did not compensate Plaintiff for time worked in excess of forty (40) hours per week at a rate not less than one and one-half times the regular rate at which she was employed.

31. Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiff.

32. Defendant failed to meet the requirements for paying Plaintiff at a rate not less than one and one-half times the regular rate at which she was employed, at which Plaintiff were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

33. Defendant was aware that Plaintiff was entitled to overtime compensation pursuant to the FLSA.

34. Plaintiff is entitled to compensation for any and all time worked in excess of forty (40) hours per week at the rate of at least one and one-half times

Plaintiff's regular rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

35. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

36. As a result of Defendant's failure to act with good faith in compensating Plaintiff, Plaintiff is entitled to liquidated damages.

37. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

38. Plaintiff demands a jury trial.

### COUNT I

39. Plaintiff repeats and incorporates by reference the preceding paragraphs herein. By its actions alleged herein, Defendant willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

40. Defendant has willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to

properly pay overtime wage compensation to Plaintiff in accordance with §§ 203 and 207 of the FLSA.

41. As a result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

42. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

43. As a result of the unlawful acts of Defendant, Plaintiff has been deprived of overtime compensation in an amount to be determined at trial and is entitled to recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation and relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action;

D. That Plaintiff be awarded judgment in their favor; and

E. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 4th day of March, 2015.

                MARTIN & MARTIN, LLP

By: *Kimberly N. Martin*
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-10170
(404) 313-5538/ (770) 837–2678 Fax