IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYVENA LAWRENCE EZELL, | |
| Plaintiff, | Civil Action |
| | File No.:     1:15-cv-00653-RWS |
| v. | |
| MONGE & ASSOCIATES, P.C., a Georgia Corporation, | |
| Defendant. | |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT

COME NOW Plaintiff Lyvena Lawrenceville Ezell ("Plaintiff") and Defendant Monge & Associates, P.C. ("Defendant") (collectively, the "Parties"), by and through their undersigned counsel, hereby file this *Joint Motion for Approval of FLSA Settlement Agreement*. As required by Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir.1982), the settlement represents a fair and reasonable compromise of Plaintiff's claims, negotiated through counsel, and is properly approved by this Court. In support of their request, the Parties state as follows:

## STATEMENT OF RELEVANT FACTS

Plaintiff filed the Complaint on March 4, 2015, alleging Defendant violated the overtime provisions of the FLSA. See the Complaint, Dkt. 1. Defendant timely filed an Answer on June 24, 2015. See the Answer, Dkt. 4. Defendant denied any FLSA violations and further denied misclassifying Plaintiff as an exempt employee. See the Answer, Dkt. 4.

The Parties agree that Defendant employed Plaintiff as an intake specialist for less than a year, from on or about June 6, 2014 through May 1, 2015. The Parties further agree that Plaintiff was placed on unpaid leave, and did not work any hours, from approximately February 19, 2015 to February 27. 2015. Plaintiff does not contend she worked any overtime during the time period between her return to work following unpaid leave and her voluntary resignation. Thus, while Defendant denies any wrongdoing under or violations of the FLSA, to the extent Plaintiff is owed compensation for overtime worked, the Parties agree that Plaintiff's overtime claim only includes the limited period time of June 14, 2014 through February 20, 2015.

The Parties exchanged initial disclosures and served written discovery requests. Defendant produced approximately 5,610 pages of documents related to Plaintiff's employment, including work schedules and hundreds of emails

reflecting a "sent" time by Plaintiff outside normal business hours. Throughout discovery, the Parties engaged in settlement-type discussions and maintained the option of settlement open throughout the case while engaging in a bona fide dispute. The Parties dispute whether Defendant misclassified Plaintiff and if so, the amount of damages. Additionally, the parties' dispute whether Defendant's judicial estoppel defense related to Plaintiff's bankruptcy would succeed at summary judgment.

The Parties requested that prior to post-discovery motions, that the Court refer the Parties to mediation and this Court did so ordering the Parties to mediation before Magistrate Judge John K. Larkins III. See the Order, Dkt. 21. On February 24, 2016, Judge Larkins entered an *Order Setting Settlement Conference* for March 18, 2016 (the "Mediation Order"). See the Mediation Order, Dkt. 22. Judge Larkins also ordered the Parties to make a good faith effort to settle the case before the settlement conference, including making specific proposals and counter proposals. See the Mediation Order, Dkt. 22.

The Parties communicated, through their counsel, multiple proposals and counter proposals in the time leading to the March 18, 2016. These settlement negotiations included discussions between counsels, by both phone and email, concerning the strength of Defendant's defenses and Plaintiff's claims. On March

17, 2016, in an effort to avoid the expenses associated with traveling to and attending mediation, the Parties agreed to settle for $10,000.00 for Plaintiff's alleged unpaid overtime and liquidated damages.

The Parties then separately addressed the amount of Plaintiff's attorneys' fees and costs. Plaintiff's attorneys agreed to reduce their asserted attorneys' fees and costs from over $12,000 to $8,500[1] in an effort to resolve this matter and avoid additional fees and costs.   Defendant agreed to this figure.   The Parties then worked together to draft and revise a settlement agreement containing terms agreeable to both sides.

## ARGUMENT AND CITATION TO AUTHORITY

The only two options to legally and enforceable settle an FLSA claim are (1) with the Secretary of Labor's supervision and approval, or (2) through a stipulation of judgment entered by a district court after reviewing for fairness and approving the settlement terms. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-1353 (11th Cir.1982). Accordingly, the Parties respectfully request this Honorable Court review and ratify the settlement agreement attached as **Exhibit A** (the "Settlement Agreement").

---

[1] Plaintiff's counsel will make the invoices of attorneys' fees and costs available for in camera inspection at the Court's request.

In its review of settlements in FLSA claims, the Court must determine if the settlement is a "fair and reasonable resolution of a bona fide dispute" of the issues raised in the lawsuit. Id. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. Further, as employees are likely represented by attorneys in pursuing a lawsuit for unpaid overtime wages, "when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354.

The Parties' settlement represents a fair and reasonable compromise of Plaintiff's claims. The Parties each faced significant litigation risk. For Defendant, the risk existed that Plaintiff's job duties did not satisfy the requirements for positions exempted from overtime pay, thus entitling Plaintiff to overtime wages under the FLSA. Defendant also faced the risk that solely Plaintiff's testimony of working significant overtime per week could establish her overtime hours, as Defendant does not possess a complete set of schedules for Plaintiff, and likewise does not have documents showing the exact hours Plaintiff worked.

The amount of overtime hours posed a risk to Plaintiff as well, however, as Defendant could have reduced or completely disproved Plaintiff's alleged overtime hours because the documents exchanged during discovery do not reflect that Plaintiff weekly worked twenty five hours of overtime, as she claimed.

As a result, by not settling, Defendant risked a jury believing Plaintiff's testimony and awarding her the overtime and liquidated damages that she sought. Plaintiff, on the other hand, faced the prospect of failing to convince a jury of her amount of overtime, if any.  Additionally, Plaintiff risked having her entire FLSA claim dismissed due to Defendant's judicial estoppel argument with respect to Plaintiff's bankruptcy proceeding.

The Parties' settlement negotiations, identified in the *Statement of Relevant Facts* section above, reflect the discovery and assessment of the strengths of the risks in this case. Given these risks and factual circumstances, the Parties each faced substantial continuing litigation expenses to bring the case to conclusion with no guarantee of success. See Leverso v. SouthTrust Bank of Ala., 18 F.3d 1527, 1531, n. 6 (11th Cir.1994) (listing the considerations for approving an FLSA settlement). Had the case not settled, Defendant would have filed a Motion for Summary Judgment based on judicial estoppel, and Plaintiff may have also filed a Motion for Summary Judgment on her status as a non-exempt employee. At a

minimum, the Parties would expend time and resources disputing Defendant's Motion for Summary Judgment. The Motion alone would have added at least three to four months to the litigation. Depending on the outcome of a Motion for Summary Judgment, this case may have then required the Parties to spend further time and resources preparing for and attending trial as well as addressing any appeals resulting from the Motion for Summary Judgment or trial. These paths all lead to the same result: both Parties continuing to expend time, energy, and resources in this case for months, if not years. As such, Plaintiff and Defendant both favored settling, in light of the risks to their respective claims or defenses and the potential extension of the litigation.

Further, each party had legal representation throughout the entire lawsuit. The Parties negotiated the Settlement Agreement through their same legal counsel who represented them throughout the litigation. Counsels' opinions favored the proposed settlements in light of the evidence and testimonial risks as well as the possibility of extended, continued litigation. Before agreeing to this settlement Plaintiff was thoroughly advised by counsel of the range of possible outcomes in this litigation and the risks associated with going to trial. Plaintiff was informed by counsel as to the settlement terms. Additionally, attorneys' fees and costs were negotiated separately.

There is a strong presumption in favor of finding a settlement fair. See Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483, 1486 (11th Cir.1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.") and Dail v. George A. Arab, Inc., 391 F. Supp.2d 1142, 1146 (M.D. Fla. 2005)(noting the "strong presumption" in favor of finding a settlement fair under the FLSA). The settlement of Plaintiff's FLSA claims represents a fair resolution of her claims given the evidentiary conflicts, the potential success of Defendant's judicial estoppel argument, and the risk of continued litigation. The Parties therefore respectfully request the Court approve the settlement of this case pursuant to Lynn's Food.

## CONCLUSION

WHEREFORE, Plaintiff Lyvena Lawrence Ezell and Defendant Monge & Associates, P.C. respectfully request the Court approve the settlement of Plaintiff's FLSA claims and grant any such further relief as is just and proper. A proposed Order is attached.

[signatures on following page]

This 21st day of April, 2016.

Goodman McGuffey Lindsey & Johnson, LLP
Attorneys for Defendant

By:    _s/ ERIN A. EASLEY_____
ROBERT A. LUSKIN
GA State Bar No.  004383
rluskin@gmlj.com
ERIN A. EASLEY
GA State Bar No.  897138
eeasley@gmlj.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax


Martin & Martin, LLP
Attorneys for Plaintiff

By:    __s/ KIMBERLY N. MARTIN [w/ express
permission by  Erin A. Easley]_____
KIMBERLY N. MARTIN
GA State Bar No.  473410
Kimberlymartinlaw@gmail.com
Thomas F. Martin
GA State Bar No.  482595
tfmartinlaw@msn.com
Post Office Box 1070
Tucker, GA 30085-1070
(404) 313-5538 Phone
(770) 837-2678 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYVENA LAWRENCE EZELL, | |
| Plaintiff, | Civil Action |
| | File No.:     1:15-cv-00653-RWS |
| v. | |
| MONGE & ASSOCIATES, P.C., a Georgia Corporation, | |
| Defendant. | |

## RULE 7.1 CERTIFICATE OF COMPLIANCE

The foregoing document is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 5.1C.

*s/Erin A. Easley*
Erin A. Easley
Goodman McGuffey Lindsey & Johnson, LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax
Email:  eeasley@gmlj.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LYVENA LAWRENCE EZELL,

    Plaintiff,

v.

MONGE & ASSOCIATES, P.C., a
Georgia Corporation,

    Defendant.

Civil Action
File No.:    1:15-cv-00653-RWS

## CERTIFICATE OF SERVICE

I electronically filed the ***Joint Motion for Approval of FLSA Settlement Agreement*** with the Clerk of Court using the CM/ECF system, which will send e-mail notification of such filing to the following attorneys of record:

Kimberly N. Martin, Esq.        Thomas F. Martin, Esq.
kimberlymartinlaw@gmail.com    tmartin@martinandmartinlaw.com

This 21st day of April, 2016.

          *s/ ERIN A. EASLEY*_____
          ERIN A. EASLEY
          GA State Bar No.  897138
          eeasley@gmlj.com
          Goodman McGuffey Lindsey & Johnson, LLP
          3340 Peachtree Road NE, Suite 2100
          Atlanta, GA 30326-1084
          (404) 264-1500 Phone
          (404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LYVENA LAWRENCE EZELL, | |
| Plaintiff, | Civil Action<br>File No.:     1:15-cv-00653-RWS |
| v. | |
| MONGE & ASSOCIATES, P.C., a<br>Georgia Corporation, | |
| Defendant. | |

## [PROPOSED] ORDER APPROVING SETTLEMENT AGREEMENT

The above-captioned case is before the Court for consideration of the Parties' Joint Motion for Approval of FLSA Settlement Agreement.  The Court has considered and reviewed the Parties' Motion and the proposed Settlement Agreement in this case and has determined it is fair and equitable in all respects.  Accordingly, the Court hereby **GRANTS** the Parties' Joint Motion, **APPROVES** the Settlement Agreement entered into by the Parties, and **ORDERS** the parties to file a Notice of Dismissal With Prejudice within ten days of Plaintiff's receipt of payment.  Except as stated in the Settlement Agreement, each party shall bear its own costs of litigation and attorney's fees.

**SO ORDERED** this ___ day of April, 2016.

_____
The Honorable Richard W. Story
United States District Judge